<u>**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**</u>

| | | |
|---|---|---|
| **OLYMPIC STEAK AND PIZZA, LLC,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. 1:21-CV-2373 |
| | * | |
| **WESTERN WORLD INSURANCE COMPANY** | * | JURY DEMAND |
| | * | |
| Defendant. | * | |

<u>**WESTERN WORLD INSURANCE COMPANY'S
RESPONSE IN OPPOSITION OF MOTION TO VACATE APPRAISAL**</u>

COMES NOW Defendant, Western World Insurance Company ("Western World"), by and through counsel, and submits the following Response in Opposition to Plaintiff's Motion to Vacate Appraisal, and states as follows:

**I.   INTRODUCTION**

Plaintiff Olympic Steak and Pizza, LLC ("Plaintiff") attempts to vacate the appraisal award that, by its own terms in the Policy, is binding on the parties. Plaintiff does not attempt to show fraud or malfeasance, but instead seeks to overturn the binding award based on the content of the award itself, which is left to the discretion of the appraisal panel. Further, the appraisal panel is limited by the evidence at the insured property. Stated differently, an appraiser/umpire cannot place a value on property that is not damaged. Thus, the appraisal determinations are squarely within the authority granted to the appraisal panel. The Motion to Vacate Appraisal should therefore be denied.

1

## II.   FACTS

This is a first-party insurance action between Plaintiff and Western World regarding a dispute over alleged damage to the Plaintiff's property as a result of purported hail and wind damages. This action was commenced in the Circuit Court for Crockett County, Tennessee, on April 14, 2021. Western World timely removed the action to this Court on June 4, 2021. On October 14, 2022, Plaintiff filed an Unopposed Motion to Compel Appraisal. Western World then filed a Response to this Motion, noting that while it is unopposed, the issues of coverage and liability are properly resolved in this Court. The Court granted the Motion on October 14, 2022. The parties then complied with the appraisal provisions in the Policy, each selecting a competent and impartial appraiser. On October 30, 2023, the appraisal was completed, resulting in an appraisal award that was signed by one appraiser and the umpire. On November 17, 2023, Plaintiff filed a Motion to Vacate Appraisal, attempting to overturn the appraisal award.

## III.   LAW AND ARGUMENT

**A. The Appraisal Award is Binding, and No Exceptions Are Present.**

As discussed above, the appraisal award is binding under the terms of the Policy. Very few exceptions exist to allow for an overturn of appraisal awards, and no legitimate exceptions are present here. Specifically, "a court will not interfere with an appraisal award but, to the contrary, will indulge in every reasonable presumption to sustain it in the absence of fraud, mistake, or misfeasance." *Lakewood Mfg. Co. v. Home Ins. Co.*, 422 F.2d 796, 798 (6th Cir. 1970). Notably, Plaintiff does not contend any evidence of fraud or misfeasance existed throughout the appraisal process or with the appraisal award. Rather, the dissatisfaction with the appraisal award appears to be entirely based on the content of the award itself and not on any illegitimate conduct of any of the parties.

Specifically, Plaintiff only cites to an allegation of "manifest mistake" as to the date included on the appraisal award. Plaintiff contends that the inclusion of an improper date justifies the setting aside of the appraisal award. Specifically, the appraisal award notes the date of loss as June 22, 2018, while the alleged loss in this matter occurred on **May 3, 2020**. (See Notice of Claim, attached as Exhibit A). However, the Plaintiff's Complaint and Motion to Vacate cite a loss date of July 9, 2020. (Complaint, D.E. 1-1, ¶ 10; Pl.'s Memo. in Support of Mt. to Vacate, D.E., 69-1, p. 9). Given the confusion created by the multiple cited dates of loss, the Court can simply modify the award to reflect the correct date. The drastic measure of setting aside the entire award based on a mistaken date, as Plaintiff suggests, is not required. *See* 9 USCS § 11(c) (providing that a court can modify and correct the award if the award is imperfect in matter of form not affecting the merits).

Plaintiff mentions the existence of another claim that involves a separate date of loss and contends that the appraisers "may have done an invalid appraisal for an unrelated claim that is in a separate lawsuit." However, the Court is aware that the referenced second lawsuit involves a date of loss *after* the date of loss alleged in this case. Specifically, the date of loss in the second case is alleged to be February 17, 2021.[1] "The burden of demonstrating that the appraised loss amount should be set aside falls on the party challenging it." *Andres Trucking Co. v. United Fire & Cas. Co.*, 2018 Colo. App. LEXIS 1327, *18 (Sept. 20, 2018)(citation omitted). Plaintiff has not met its burden as it has not cited any evidentiary support for the contention that the appraisers evaluated the loss based on another claim. The argument that the appraisers considered a different loss, or that the date discrepancy had any substantive impact on the ultimate award, is purely speculative, and by all accounts the appraisers and umpire evaluated the correct loss location and

---

[1] See *Olympic Steakhouse v. Western World*, 1:23-CV-2191.

3

loss (i.e., hail/wind versus ice). Moreover, the appraisal process took place well after the actual date of loss and included thorough inspections of the insured property and focused on a loss involving wind and hail, which is identical to the allegations of the Complaint. (See Compl., D.E. 1-1, ¶ 10). Furthermore, the umpire issued an award consistent with the Court's order directing the parties to enter appraisal by delineating between the various types of damage. In sum, the date discrepancy, at most, amounts to a scrivener's error, and there is no evidence in the record supporting Plaintiff's contentions that the error somehow invalidates the entire appraisal process, which ultimately lasted more than one year. In fact, Plaintiff's own apparent error regarding the correct date of loss further undermines the present Motion. Therefore, even if the Court finds that the date listed in the appraisal award was a mistake, the Court should simply modify the date to the correct date instead of setting aside the entire award.

### B. The Award Did Not Exceed The Appraisers' Authority.

Although appraisers generally do not have the authority to determine issues of coverage, the appraisal process must contain an analysis of the property and the damage alleged. Here, the Plaintiff is asking that the appraisal panel adopt its version of causation and essentially provide an appraisal award addressing the entire property, despite the umpire finding limited weather-related damage to the insured property. Other courts have recognized this issue: "Practically speaking, it would be difficult to completely divorce causation and coverage findings from an appraised loss." *Hill, et al., v. Auto-Owners Ins. Co.*, No. 4:19-cv-78 (E.D. Tenn. Nov. 30, 2020). That difficulty clearly arose during the appraisal process in this case. Stated differently, the Plaintiff appears to take issue with the umpire's failure to provide an appraisal award for the *entire* property. However, a disagreement with the appraisal is not a sufficient basis to vacate an award. Rather, any causation determinations at issue in this case were merely a means to determine the *amount of loss*, which is

squarely within the authority of the appraisers. To suggest otherwise "would render appraisal clauses largely inoperative, a construction we must avoid." *State Farm Lloyds v. Johnson*, 290 S.W. 3d 886, 892 (Tex. 2009). "Indeed, appraisers must always consider causation, at least as an initial matter. An appraisal is for damages caused by a specific occurrence, not every repair a [property] might need." *Id.*, at 893. Preliminary causation determinations only operate as a way to facilitate the appraisal for amounts of loss and do not exceed the authority of the appraisal process by entering into the Court's territory of coverage or liability. In essence, the Plaintiff is asking the Court to vacate the current award and direct the appraisal panel to thereafter adopt the Plaintiff's causation analysis. Of course, the ultimate determinations regarding causation, coverage, and liability are made by the Court.

Therefore, even though the appraisers made preliminary causation determinations as an inherent part of their duties to assign the value of the loss, this Court still retains the authority over the *coverage and liability* issues, as supported by Tennessee law. If the appraisers did not distinguish the damage caused by the alleged event from other damage, it would require appraisers to evaluate damage unrelated to the covered peril, which is not intended in the appraisal process. *See 201 N. Wells, LLC v. Fidelity & Guaranty Ins. Co.*, No. 1:00-cv-03855 (N.D. Ill. Feb. 2, 2001). The issues of coverage and liability are still reserved for this Court, and any preliminary causation determinations made in the appraisal process do not affect the authority of the Court to determine those remaining issues. *See Merrimack Mut. Fire Ins. Co. v. Batts*, 59 S.W.3d 142, 152 (Tenn. Ct. App. 2001); *see also Pear Tree Props., LLC v. Acuity*, 2017 Dist. LEXIS 137032 (M.D. Tenn. 2017). Therefore, the initial determinations made by the appraisers did not exceed the authority granted to them, and the appraisal award should not be set aside.

Finally, the Appraisal Award (d.e., 66) complied with the Court's Order by itemizing the award so that the parties can delineate between undisputed and disputed portions of the appraisal process. (See Oct. 17, 2022 Order, D.E. 59). Here, the award delineated between the various buildings at the property, and further by the area of the damage within each building. This specificity is sufficient to allow Western World to determine that the included items are disputed.

## IV.    CONCLUSION

The appraisal award should be upheld as there is no evidence of fraud or misfeasance, and the appraisal panel did not exceed the authority granted to them by making initial determinations of causation, which is inherent in the evaluation of the amount of loss. Likewise, despite those initial determinations, the ultimate determination of causation, liability, and coverage rests with this Court.  Further, any mistake regarding the date of loss is simply a scrivener's error that does not affect the award as a whole and should not result in the setting aside of the award.  For the foregoing reasons, the Motion to Vacate Appraisal should be denied.

Respectfully submitted,

**CARR ALLISON**

BY: /s/ Jordan D. Watson
   JORDAN D. WATSON (BPR #038242)
   Attorney for Defendant,
   Western World Insurance Group
   736 Market Street, Suite 1320
   Chattanooga, TN 37402
   (423) 648-9832 / (423) 648-9869 FAX
   jwatson@carrallison.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2023, I have filed the foregoing filing via the Court's Document Filing System – CM/ECF – which will send notice to the following attorneys of record:

J. Wesley Hisaw
Holland & Hisaw
3010 Goodman Road West, Suite A
Horn Lake, Mississippi 38637

**CARR ALLISON**

BY: __/s/ Jordan D. Watson_____
   **JORDAN D. WATSON, BPR #038242**
   Attorney for Defendant Western World Insurance Company
   736 Market Street, Suite 1320
   Chattanooga, TN 37402
   (423) 648-9832 / (423) 648-9869 FAX
   jwatson@carrallison.com