IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| OLYMPIC STEAK AND PIZZA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Nos.  1:21-cv-02373-JDB-jay |
| | ) | 1:23-cv-02191-JDB-jay |
| WESTERN WORLD | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

<u>ORDER GRANTING & DENYING IN PART MOTION TO AMEND COMPLAINT</u>

Before the Court is the motion of Plaintiff, Olympic Steak and Pizza, LLC ("Olympic"), to amend the complaint in the lead case.  (Docket Entry ("D.E.") 39.)  Defendant, Western World Insurance Company ("Western World"), has responded.  (D.E. 43.)  The Court has held the motion under advisement during the pendency of the stay ordered on October 17, 2022.  (D.E. 59 & 60.) However, the motion is ripe for adjudication.  For the following reasons, Plaintiff's motion is granted in part and denied in part.

**ANALYSIS**

Olympic has moved to amend the complaint (1) to correct the party name for the Plaintiff to William Saveh d/b/a Olympic Steakhouse ("Olympic Steakhouse") and (2) to raise the *ad damnum*—otherwise known as the demand for damages—from $500,000 to $1,000,000.  (D.E. 39.)  Western World consents to substituting Olympic Steakhouse as the Plaintiff, but Defendant objects to the increase in the damages sought.  (D.E. 43.)  As detailed below, Olympic's motion is untimely and, consequently, its appeal to increase the requested damages will be denied.  However, because Western World does not object to correcting the Plaintiff's name, that will be permitted.

On July 30, 2021, the Court entered a scheduling order directing Plaintiff to file any motions to amend the pleadings no later than September 28, 2021.  (D.E. 10.)  Olympic submitted the instant motion on August 18, 2022.  (D.E. 39.)  In it, Plaintiff alleges that "[e]conomic factors from the global Covid 19 pandemic and increase in the costs of building materials and labor have caused the repair estimate to increase in this matter to over $1,000,000."  (*Id.* at PageID 295.)  Olympic relied heavily on Federal Rule of Civil Procedure 15's admonition that "[t]he court should freely give leave when justice so requires."  (D.E. 39-1 at PageID 298–99); *see* Fed. R. Civ. P. 15(a)(2).  Defendant points out, though, that Plaintiff's reliance on Rule 15 is misplaced because it ignores that the Court established a deadline for motions to amend in its scheduling order with which Olympic neglected to comply.  (D.E. 43 at PageID 310–12.)  Western World is correct.

Federal Rule of Civil Procedure 16(b) mandates that a district or magistrate judge enter a scheduling order "limit[ing] the time to . . . amend the pleadings[.]"  Fed. R. Civ. P. 16(b)(3)(A).  Once a court issues a scheduling order, it "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The Sixth Circuit has proclaimed, "[o]nce the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)."  *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)).  Finally, a party seeking to eschew a scheduling order demonstrates good cause by establishing "that despite due diligence it could not have reasonably met the scheduled deadlines."  *EEOC v. AutoZone, Inc.*, 248 F.R.D. 542, 543 (W.D. Tenn. 2008) (citation omitted); *see Porter v. AAR Aircraft Servs., Inc.*, 316 F.R.D. 691, 693 (W.D. Tenn. 2016).

Here, Olympic points to the exigencies and inflationary pressures caused by the COVID-19 pandemic for its failure to move to amend earlier.  (D.E. 39 at PageID 295.)  But that excuse does not withstand scrutiny.  The pandemic—as evidenced by the national emergency proclamation issued by the President—started on March 13, 2020.  *See* Proclamation No. 9994, 85 Fed. Reg. 15337 (Mar. 13, 2020).  Plaintiff did not initiate this case until April 14, 2021.  (D.E. 1-1 at PageID 7.)  Furthermore, Olympic could have moved to amend until nearly the end of September 2021.  (D.E. 10.)  Likewise, Plaintiff's claim is undercut by its recent submission of a Sworn Statement in Proof of Loss from October 2020, signed by William Saveh, seeking $1,004,547.97 in insurance proceeds from Western World.  (D.E. 76-3.)

Therefore, by failing to file the instant motion until August 2022, Plaintiff did not display diligence in seeking to amend.  Olympic knew well before August 2022 that it was claiming losses exceeding $500,000.  That it did not act expeditiously—and in accordance with this Court's orders—to revise its request does not create good cause to permit a deviation from the scheduling order.  Consequently, Olympic has not shown good cause under Rule 16.

Even if Plaintiff could establish good cause (which it has not), amendment would not be permitted.  Though leave is to be freely given, it should still be denied for, among other potential reasons, "undue delay, bad faith or dilatory motive on the part of the movant . . . [or] undue prejudice to the opposing party by virtue of allowance of the amendment . . . ."  *Roskam Baking Co. v. Lanham Mach. Co.*, 288 F.3d 895, 906 (6th Cir. 2002) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Here, all three are present.  First, Olympic unduly delayed in seeking amendment by waiting until approximately 16 months after filing the lawsuit before moving to amend despite knowing that its damages could exceed those demanded.  (D.E. 1-1, 39, 76-3.)  Second, the motion to amend was brought in bad faith given that the record shows that Saveh

3

signed a sworn statement asking for over $1,000,000 from Western World in October 2020. (D.E. 76-3.) Finally, amendment would cause undue prejudice to Defendant at this stage by doubling its exposure after years of litigation. Therefore, even if Plaintiff could show good cause to modify the scheduling order, the Court would not afford it leave to amend.

## CONCLUSION

Accordingly, Plaintiff's motion (D.E. 39) is GRANTED in part and DENIED in part. Specifically, because Defendant does not object, William Saveh d/b/a Olympic Steakhouse is substituted as the Plaintiff and Olympic's request to revise the demand for damages is rejected.

IT IS SO ORDERED this 28th day of March 2024.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE