IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

WILLIAM SAVEH D/B/A
OLYMPIC STEAKHOUSE,

    Plaintiff,

v.                                                                  Nos. 1:21-cv-02373-JDB-jay
                                                                           1:23-cv-02191-JDB-jay

WESTERN WORLD INSURANCE COMPANY,

    Defendant.

---

ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE AND COMPLY WITH
COURT ORDERS

---

On June 4, 2021, Defendant, Western World Insurance Company, removed this action against Plaintiff, William Saveh, doing business as Olympic Steakhouse, from the Circuit Court of Crockett County, Tennessee, to this Court. (Docket Entry ("D.E.") 1.)[1]  The matter involves breach of contract allegations for alleged underpayment of insurance claims stemming from storm damage to property owned by Plaintiff and insured by Defendant. (*See* D.E. 1-1.) On October 17, 2022, the Court granted Plaintiff's unopposed motion to compel appraisal of the loss and stay the litigation pending the outcome of that valuation. (D.E. 59.) Since this order, the appraisal process has impeded the progress of the case, especially as the parties have stumbled through the appraisal requirements.

In its October order, the Court also set deadlines for the appraisal process (*id.* at PageID 367-68), which both sides have failed to meet. (*See* D.E. 61; D.E. 64; D.E. 65.) The parties

---

[1] Because the cases are consolidated (*see* D.E. 77), all docket entry citations in this order correspond with the case number 1:21-cv-02373-JDB-jay.

finalized their first appraisal on October 30, 2023, (D.E. 69-3), but Plaintiff moved to vacate the appraisal award.  (D.E. 69.)  Upon referral (D.E. 70), Magistrate Judge Jon A. York granted Plaintiff's motion due to his concern with errors around the policy number and date of loss.  (D.E. 91.)  Thus, he directed the parties to again "engage in the contractually agreed-upon appraisal process."  (*Id.* at PageID 910.)

Plaintiff next moved the Court to appoint an appraisal umpire (D.E. 100), which the Court denied on October 16, 2024, and instead appointed Toby Johnson, who had previously been agreed upon by the parties pursuant to the insurance policy, as the umpire.  (D.E. 105.)  Upon the parties' joint motion (D.E. 106), the Court extended the appraisal deadline to March 3, 2025, (D.E. 107), but they again failed to timely provide an update.  The Court directed a status report to be made on April 8, 2025, (D.E. 108), which included a statement by the umpire that he would not issue his findings until he received his fees for his work.  (D.E. 109.)  On the Court's direction (D.E. 110), Plaintiff moved for the setting of a reasonable fee for the umpire.  (D.E. 111.)  On August 18, 2025, Judge York denied the motion and ordered Plaintiff to pay $10,260.02 to Johnson within fourteen days.  (D.E. 125.)[2]  Eight days later, David S. Farber, counsel for Plaintiff, moved to withdraw and to abate the case.  (D.E. 126.)  In granting the motion, the Court required Plaintiff to retain new counsel[3] and have that attorney file a written appearance with the Clerk within sixty days of its August 28, 2025, order.  (D.E. 127.)  The Court also stayed for sixty days Plaintiff's

---

[2] In his order, the Magistrate Judge commented that Plaintiff's motion, filed "on the eve of receiving an appraisal award after a three-year appraisal process, has stalled resolution for another four months."  (D.E. 125 at PageID 1241.)

[3] Whether attorney Drayton D. Berkley remains counsel for Plaintiff is still unclear. Berkley participated in the case by signing several motions submitted by Plaintiff (*see* D.E. 88; D.E. 119; D.E. 121; D.E. 123), but in Farber's motion to withdraw, he made no mention of Berkley's status and directed future communications to Plaintiff, not Berkley.  (*See* D.E. 126.) When the Court directed the Clerk to send a copy to Berkley in its most recent show cause order (D.E. 128 at PageID 1248), the order was returned as undeliverable.  (*See* D.E. 129.)

requirement to comply with the Magistrate Judge's August 18, 2025, order, as well as all future discovery, pending Plaintiff's retaining new counsel. (*Id.*) Thus, the stay ended on October 27, 2025.

As of May 12, 2026, Saveh had submitted no notice of appearance of new counsel, confirmation of payment to Johnson or any other update as to the status of this matter. Thus, on that date, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute. (D.E. 128.) Saveh responded on May 26, 2026, with a notice of appearance by attorney Tamara L. Hill. (D.E. 130.) In response to the show cause order, Hill attached emails from Johnson confirming that he had received payment in full and she believed that these emails "demonstrate that this litigation continues to be prosecuted in good faith." (D.E. 130-1 (citing D.E. 130-2).) Plaintiff's response to the show cause order includes no explanation for the nearly seven months' late notice of appearance and failure to comply with the Magistrate Judge's order. The response also lacked any direction for the future of this case, namely any specifics about the appraisal award that now should be issued due to the payment of the umpire fee.

Federal Rule of Civil Procedure 41(b) provides for dismissal of actions "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." "[A] district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (citations omitted). The authority to dismiss is a necessary tool for a district court's docket management. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)).

A district court considering whether to dismiss under Rule 41 should consider four factors:

(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

3

(4) whether less drastic sanctions were imposed or considered before dismissal was
ordered.

*Richter v. Am. Aggregates Corp.*, 522 F. App'x 253, 259 (6th Cir. 2013) (quoting *Knoll*, 176 F.3d

at 363).  While no one factor is determinative, "a case is properly dismissed by the district court

where there is a clear record of delay or contumacious conduct."  *Schafer*, 529 F.3d at 737 (quoting

*Knoll*, 176 F.3d at 363).

First, Plaintiff's failure to abide by the Magistrate Judge's August 18, 2025, order (D.E.

125) within the time allowed by the Court's August 28, 2025, order (D.E. 127), and despite the

clear warning issued by the Court of the possible consequences of such noncompliance, indicates

willfulness or fault.  *See Fields v. Strata*, No. 1:24-cv-01055-JDB-tmp, 2024 WL 3891150, at *2

(W.D. Tenn. Aug. 21, 2024) (citation omitted).  The first factor points to dismissal.

Second, Defendant has been prejudiced by Plaintiff's failure to move the case forward.

"The failure to advance litigation . . . prejudices the parties and reflects the type of situation where

the Court should intervene."  *Sumler v. LeSaint/Tagg Logistics*, No. 22-cv-02836-TLP-tmp, 2025

WL 3482885, at *2 (W.D. Tenn. Sept. 16, 2025) (quoting *Farley v. Am. Bottling Co.*, No. 3:23-

cv-00533, 2025 WL 1408894, at *7 (M.D. Tenn. Apr. 7, 2025), *report and recommendation*

*adopted by* 2025 WL 1403669 (M.D. Tenn. May 14, 2025)), *report and recommendation adopted*

*by* 2025 WL 3475598 (W.D. Tenn. Dec. 3, 2025).  Defendant could not conclude the appraisal

process without Plaintiff first paying the umpire so that he would release his decision.  Saveh's

delay has needlessly extended this case and Defendant's involvement in it.  *See Carpenter*, 723

F.3d at 707 ("A defendant is prejudiced by a plaintiff's dilatory conduct if the defendant 'is

required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally

obligated to provide.'"  (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997))).

Therefore, the second factor favors dismissal.

4

Third, there is no question that Plaintiff was warned that failure to comply with the August 18, 2025, order, could result in sanctions, including dismissal. (*See* D.E. 125 at PageID 1242.) Additionally, Judge York emphasized the Court's desire to conclude the lengthy appraisal process in his ruling: "Since October 2022, [the Court] ha[s] attempted to move this case toward a resolution through the appraisal provision of the insurance contract. . . . This appraisal process must come to an end." (*Id.* at PageID 1241.) Aware of the Court's admonitions and order to conclude the appraisal, Plaintiff still disregarded the deadline. As a result, the third factor supports dismissal.

Fourth, the Court has considered less drastic sanctions but concludes that such efforts would be futile, as this delay is the latest in a pattern of setbacks throughout the almost four-year appraisal process. *See Sumler*, 2025 WL 3482885, at *2 (finding that when the plaintiff "ha[d] not taken any action to move her case forward for several months," "no alternative sanction short of dismissal [wa]s warranted" because "[d]ismissal is appropriate in cases of extended inactivity").

For the reasons stated, this case is hereby DISMISSED. *See* Fed. R. Civ. P. 41(b).

IT IS SO ORDERED this 4th day of June 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

5